UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJOR EBERHART,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. SPEARMAN,<br><br>　　　　　Respondent. | Case No. 18-cv-02718-EMC<br><br>**ORDER OF DISMISSAL**<br><br>Docket No. 11 |

## I.　　**INTRODUCTION**

Major Eberhart, a California state prisoner, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction from the Contra Costa County Superior Court.　Respondent now moves to dismiss the petition as barred by the *Younger* doctrine because the criminal appeal is still pending.　Mr. Eberhart opposes the motion.　For the reasons stated below, the Court **GRANTS** Respondent's motion to dismiss the petition.

## II.　　**BACKGROUND**

Mr. Eberhart was convicted in Contra Costa County Superior Court of first degree murder and other offenses "related to a jewelry store robbery that was followed by an incident in which Eberhart shot another one of the robbers as they were dividing up the robbery proceeds." *People v. Eberhart*, 2015 WL 5138555, *1 (Cal. Ct. App. Sept. 1, 2015).　Several sentence enhancement allegations were found true.　The court imposed a sentence totaling 91 years to life in state prison. *Id.*　The California Court of Appeal affirmed the conviction but required a modification of the abstract of judgment with regard to a sentence enhancement, and remanded for a retrial of prior conviction allegations and for resentencing. *Id.* at *18.　On June 29, 2018, Mr. Eberhart was resentenced in the same case.　Docket No. 11 at 1.　His state court appeal following that

resentencing is still pending. *Id.* According to the California state court website, respondent's opening brief on appeal was due on December 10, 2018. *See People v. Eberhart*, Case No. A154829 (Nov. 14, 2018 docket entry), available at http://appellatecases.courtinfo.ca.gov. In other words, Mr. Eberhart's direct appeal is currently pending in the California Court of Appeal.

Before Mr. Eberhart was resentenced, he filed this action for a federal writ of habeas corpus on May 9, 2018, to challenge his conviction.

### III.     DISCUSSION

Respondent moves to dismiss the case on the basis of abstention because petitioner's direct appeal is still pending. Mr. Eberhart does not dispute that his direct appeal following the resentencing is still pending. In his opposition, he requests that this action be dismissed without prejudice if it must be dismissed. Docket No. 13.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). These concerns are especially important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Absent extraordinary circumstances, abstention under the *Younger* principle is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

Here, all of the *Younger* criteria are satisfied. First, the direct appeal in Mr. Eberhart's criminal case is pending in the California Court of Appeal. Thus, state judicial proceedings are

ongoing.  Second, state criminal proceedings involve important state interests.  *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").  Third, Mr. Eberhart is not barred from litigating his federal constitutional issues in state court.  Fourth, the underlying federal petition threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves by inserting federal court oversight into an ongoing state criminal proceeding.  Accordingly, abstention is appropriate here.

The exhaustion-of-state-remedies rule requires that prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim.  *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  Even when the petitioner has exhausted his state remedies for the claims contained in the federal petition for writ of habeas corpus, *Younger* abstention is appropriate if there still is an appeal pending in state court.  *See Sherwood,* 716 F.2d at 634.  "When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."  *Id.*  Although the claims contained in Mr. Eberhart's federal habeas petition may have been presented in his first state court appeal, the existence of his now-pending second state court appeal (following the resentencing proceedings) supports *Younger* abstention in this action.  Waiting until the conclusion of the second state court appeal will not work to the detriment of Mr. Eberhart because, as Respondent states, "[s]ince petitioner's resentencing constitutes a new judgment, he will have the opportunity to raise all of his claims once the amended judgment becomes final" upon the conclusion of direct review.  Docket No. 11 at 4-5.

Due to the direct appeal pending in the California Court of Appeal, this action will be

dismissed under the *Younger* abstention doctrine.  The dismissal will be without prejudice to Mr. Eberhart filing a new petition for writ of habeas corpus asserting all of his claims after his direct appeal is finished.  Because there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus, *see* 28 U.S.C. § 2244(d), *Mr. Eberhart is cautioned to act swiftly to return to federal court with his new petition for writ of habeas corpus when the direct appeal concludes.*

A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

## IV.      **CONCLUSION**

Respondent's motion to dismiss the petition is **GRANTED**.  Docket No. 11.  This action is **DISMISSED** without prejudice to Mr. Eberhart filing a new petition for writ of habeas corpus asserting all of his claims after his direct appeal is finished.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: December 21, 2018

_____
EDWARD M. CHEN
United States District Judge